## PITNEY BOWES, Inc. v. SIRKLE et al.

Court of Appeals of Kentucky.

May 9, 1952.

Joe Hobson, Prestonsburg, for appellant.

Howard & Francis, Prestonsburg, for appellees.

LATIMER, Justice.

The suit was on a written sales contract. Appellees purchased from appellant

by written order a tax stamping machine for which they agreed to pay the sum of $850.05. Contemporaneous therewith they leased from appellant a model meter and agreed to pay in advance a rental of $33 per quarter. Appellees refused to make payment on both the machine and the meter. This suit was brought to recover the sum of $995.66, the total amount due.

On trial of the cause, the jury returned a verdict in favor of appellees. Appellant is here seeking reversal on four alleged errors: (1) in overruling appellant's demurrer to answer of appellees; (2) in overruling appellant's motion for a directed verdict; (3) in admitting incompetent evidence; (4) in instructions.

Misrepresentation of the salesman as to the stamping machine and setting charge on meter was the basis of refusal to make payment in accordance with the purchase and rental contracts. Appellees are partners, engaged in the wholesale business. It had been their practice to place the tobacco stamp tax on packages of tobacco by hand. Appellant undertook to sell appellees a tax stamping machine, which according to representations would be a great timesaver. Apparently the only reason for purchasing such a machine was to save time and labor. The representative of the company in his sales talk stated to appellees that the machine was a one-man machine and would stamp 30,000 packages per hour. In connection with the sale of the machine appellant leased the meter to be connected with the stamping machine, which in cooperation with the Revenue Department of our state, was to be set by a bank, the cost of which according to the salesman, would be one dollar for each setting.

The machine was set up on October 18, 1948, and appellees continued operation thereof for about 30 days, during which time they stamped 27,000 packages of cigarettes. The charge for setting the meter was in excess of that which the salesman said it would be. On November 18, appellees notified appellant by letter that the machine was unsatisfactory as a timesaving device. On November 24, 1948, appellees received this letter in reply:

"Your letter expressing dissatisfaction with the Cigarette Tax Stamping Machine came as a surprise to me. Experience with hundreds of users shows that the best results are when two people operate the equipment and that a case can be stamped in two hours. One person can do the necessary slitting.

"Before we pick up this equipment, we'd like an opportunity to demonstrate to you how much faster and more efficient it is than by hand stamping cigarettes, as we are confident that we can show you a definite time saving.

"With regard to the meter setting, it is definitely against regulations for a bank to charge more than $1.00 for this service, and if you will give us the name of the bank where you are taking your meter for setting, we will get this straightened out right away. We know of no other bank in the State of Kentucky making the extra charge mentioned in your letter."

It may be stated here that appellees heard no more from appellant after the letter above and in the early part of January shipped the stamping machine prepaid to the company which the company refused to accept. In order to save storage, appellees permitted it to be returned and stored for appellant. The machine was never used again. A few months thereafter appellant brought this action.

We see in the letter above the issues of this action. We shall now consider whether there was such misrepresentation as would justify rescission of the contract.

Appellant apparently bases his complaint first upon the grounds that any representations by the salesman of the company merged into the contract and consequently the terms of the contract could not be altered by parol evidence. A long list of cases are cited in support of that view. All that appellant says is true and the cases support that position, but we need only call attention to the fact that this is not that sort of action. There is no attempt to alter or reform a contract. The

922

issue here goes to fraud in the inducement. Consequently, our concern and the issue upon trial was whether or not the representative who induced appellees to enter into the contract made such false and fraudulent representations as induced the appellees to enter into the contract.

By the pleadings and proof, it was established that the moving influence was the representation that the machine was a timesaving device. The representative of appellant stated that the stamping machine was a one-man machine capable of stamping 30,000 packages an hour. Relying upon this statement and believing same to be true, appellees entered into the written contract. Appellant says that such representation is only a matter of opinion. With this we cannot agree. The generally recognized distinction between statements of fact and opinion is that whatever is susceptible of exact knowledge is a matter of fact, while that not susceptible is generally regarded as an expression of opinion. Here the statement that this was a one-man machine relates to a fact and is not predicated on an unfulfilled promise or statement as to a future event. According to the pleadings and proof, appellee, with reference to the personnel required to operate the machine, knew nothing. The salesman knew, or at least is presumed to have means of such knowledge. The statement that the stamping machine was a "one-man machine" is more than merely commendatory language. It was a statement of fact. Obviously, the salesman knew what appellees wanted, namely, the timesaving device. It becomes equally obvious then that his statement that this was a "one-man machine" created an impression which was false. It becomes immediately apparent then that the representation was made for the purpose of influencing the party. The statement made by the representative was a positive statement which implied knowledge on his part.

Where there is reliance on a representation with resultant deception whereby a person is induced to enter into contractual relations, the wronged party may rescind on the grounds that such representations are fraudulent. Kentucky Electric Development Co.'s Receiver v. Head, 252 Ky. 656, 68 S.W.2d 1. The same principle applicable to the stamping machine governs also as to the meter.

The issues as outlined above were definitely and properly submitted to the jury under a proper instruction. The facts above stand uncontradicted in this record. Appellant attempted to claim estoppel on the ground that appellees used the stamping machine for 30 days within which time they stamped 27,000 packages of cigarettes. The rule sought to be invoked is hardly applicable here. Under the proof, appellees gave the stamping machine a careful test. They undertook to operate it for 30 days and, according to their statement, were only able to stamp 27,000 packages in 30 days with the machine with a capacity of 30,000 packages an hour. That the stamping machine was represented to be a one-man machine is undenied. According to the letter above, appellant admits that the machine would be much more satisfactory when two operate it. A test of the machine, demonstrating that it was not truly a one-man machine, brought home to appellees the fact that they had been deceived in the matter. They immediately attempted to do something about it. We find no merit in appellant's claim for estoppel, or that he was entitled to instruction on same, which if given in accordance with appellant's view would be nothing less than a peremptory instruction for appellant.

We think the issues were properly joined, the cause properly submitted under adequate instructions and that the evidence amply supports the verdict of the jury.

The judgment is affirmed.